Battle, J.
 

 Our opinion concurs with that expressed by his Honor, in the Court below, that the county court of Eutherford county had no jurisdiction of the present suit by attachment, which had been returned to it; and the order, dismissing it, must, therefore, be affirmed. _ By an act, passed in 1846, chap. 153, entitled “An act to abolish jury trials in the county courts of Eutherford and Oleaveland counties,” it was ■enacted, among other things, that an act granting to the Superior Courts of the counties of Yancy, Buncombe, Henderson, Haywood, Macon and Cherokee, original and exclusive jurisdiction in all cases where the intervention of a jury may foe necessary, passed by the Legislature in 1844, be extended with all its provisions to the counties of Eutherford and
 
 *598
 
 Cleaveland. The 5th section of the act of 1844, thus referred to, declared “ from and after the first day of March next, all suits in said counties, whether civil or criminal, shall originate in the Superior Courts of the said counties respectively, &c.”
 

 It is manifest from these acts, that the plaintiff could not have brought an action of assumpsit upon his account against the defendant, returnable to the county court of Rutherford, and the suit by attachment, for the same cause, differs from the action of assumpsit, (so far as the present question is concerned) only in the mode by which the process is to be served for the purpose of bringing the defendant before the Court.— In either case, the suit must, by the express words of the act, originate in the Superior Court of the county of Rutherford. The cases of the
 
 State
 
 v.
 
 Sluder,
 
 8 Ired. Rep. 487, and
 
 Fox
 
 v.
 
 Wood,
 
 11 Ired. 213, to which we are referred by the plaintiff’s counsel, so far from militating against, actually confirms the construction which we put upon the acts. The first was a case of bastardy, and the second of a
 
 ea. sa.,
 
 and they were held to be properly returnable to the county court, in the first instance, because they were cases that did not require “ the intervention of a jury, as a matter of course.” They might be, and ordinarily would be, finally disposed of, in the county court, without any jury trial at all. It required some action to be taken by the parties after they" were in the county court, to wit, the making up of issues before they came within the provision which conferred jurisdiction of them upon the Superior Court. After such jurisdiction shall be acquired by the making up of issues, then the cases must be transferred by appeal or
 
 certiorari,
 
 for trial in the Superior Court. It is manifest that an action of assumpsit, whether commenced in the ordinary method by a writ of
 
 capias ad respondendum,
 
 or by the extraordinary proceeding by way of attachment, stands upon a very different footing; for in that, and similar suits, “the intervention of a jury may be regarded
 
 as a matter of cou/rseT
 

 Ebb Cubiam,
 

 Judgment affirmed.